## STATE, ex rel. MERION, Plaintiff-Appellant, v. UNEMPLOYMENT COMPENSATION BOARD OF REVIEW OF OHIO et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 3543. Decided April 30th, 1943.

Thomas J. Herbert, Attorney General, by D. C. Van Buren, Asst. Atty. Gen'l., Columbus, for plaintiff-appellant.

Thomas J. Herbert, Attorney General, by John M. Woy, Asst. Atty. Gen'l., Columbus, for defendants-appellees.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

This case grows out of a claim for benefits by one Charles H. Bentz, who had worked for the Columbian Building and Loan Company, having been hired by a volunteer board which was managing the company. The important dates are as follows:

May 23, 1932, Charles Henry Bentz entered the employment of the Columbian Building and Loan Association under contract of hire by a volunteer board which was managing the company.

March 25, 1935, the then Superintendent of Building and Loan Associations took charge of said association for liquidation.

December 16, 1936, the Unemployment Compensation Law was passed.

June 13, 1939, Charles Henry Bentz, who had been continuously employed up to this date, was dismissed by reason of necessity of reduction in personnel.

Shortly thereafter, Mr. Bentz filed a claim for benefits under the Unemployment Compensation Law.

After hearing before the Administrator and upon recommendation of the Legal Department, his claim for unemployment compensation was denied by the Administrator, on the grounds that the employment of the Superintendent of Building and Loan Associations was not employment covered by the provisions of the Ohio Unemployment Compensation Act.

The claimant, Mr. Bentz, appealed from this decision of the Administrator to the Board of Review. The claim was referred to a referee by the Board of Review and the referee

again denied the claim, on the grounds that the employment was not covered by the provisions of the act.

The claimant then appealed his claim directly to the Board of Review, of the Bureau of Unemployment Compensation. After a hearing before this Board, and by a two to one decision, the Board of Review reversed the decision of the Administrator and the referee and held that the employment by the Superintendent of Building and Loan Associations was employment within the terms of the act and that the Superintendent of Building and Loan Associations was the employer and subject to the provisions of the Unemployment Compensation Act, and allowed the claim of Charles Henry Bentz for the period to which he was entited under the provisions of the act.

Within the thirty day period, Charles S. Merion, Superintendent of Building and Loan Associations, filed his petition as the employer, in the Court of Common Pleas of Franklin County, Ohio, asking that this decision of the Board of Review be reversed on the ground that the decision was unlawful, unreasonable and against the manifest weight of the evidence. Briefs were filed and the case argued before Judge King on February 4, 1942. Late in October his decision sustaining the Board of Review was formally rendered and journalized.

The essential facts before the trial court were submitted on stipulation. There being no dispute on the facts, the question submitted is wholly one of law. The sole legal question for determination has been subdivided under three headings by counsel for appellant as follows:

"1. Is Charles S. Merion, Superintendent of Building and Loan Associations and as such in charge of the liquidation of the Columbian Building and Loan Company as "employer" as that term is defined by Paragraph 1, of §1345-1 GC?

"2. Is the employment by Charles S. Merion, Superintendent of the Building and Loan Associations of the State of Ohio, of persons to assist him in the liquidation of a Building and Loan Association found to be insolvent 'employment' as that term is defined by §1345-1 GC?

"3. Does such employment come within the specific exemption contained in sub-paragraph 4, of paragraph D §1345-1 GC?"

Plaintiff's assignment of errors is set forth under three separately stated and numbered specifications. These may be

reclassified under the single claim that the finding and judgment of the Common Pleas Court is against the evidence and contrary to law.

It is conceded that state employees do not come under the provisions providing for unemployment compensation.

It is the claim of plaintiff-appellant that the Superintendent of Building and Loan Associations, being a state officer, acts for and on behalf of the state of Ohio; and further, that all persons assisting him in the liquidations of the Columbian Building and Loan Association are state employees and hence not entitled to unemployment compensation.

On the contrary, it is the contention of defendant-appellee that the trust estate of the assets of this Building and Loan Association in liquidation is the employer, and as such is a liable employer under the Unemployment Compensation Law; in other words, that Bentz was in employment under the act and was entitled to benefits. Bentz and all other employees were paid out of the fund and not by the State.

The pertinent sections of the Code are §1345-1-b(1), §1345-1-c and 1345-1-c (E). The pertinent parts of these sections read as follows:

"Sec. 1345-1-b-(1) GC:
'Employer' means any individual or type or organization including any partnership, association, trust, estate, joint stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or the successor thereof * * *."

"Sec. 1345-1-c:
'Employment' means service, including service performed in interstate commerce, performed for remuneration under any contract of hire, written or oral, express or implied. * * *."

"Sec. 1345-1-c-(E) The term 'employment' shall not include:

"(4) Service performed in the employ of any governmental unit, municipal or public corporation, political subdivision, or instrumentality of the United States or of one or more states or political subdivisions in the exercise of purely governmental functions."

The argument of both counsel for appellant and appellee revolves around the question as to whether or not the Superintendent, acting as liquidator, was an employer as that term is defined under the first part of the above quoted section of

618

the Code; and, second, the construction of the last section above quoted, and especially the words "in the exercise of purely governmental functions."

Counsel for the plaintiff-appellee also cite many sections of the Eikenberry Law as they bear on the Superintendent's title, control, supervision and administration of the insolvent Building and Loan taken over for liquidation.

It is argued by plaintiff-appellant that the Superintendent of Building and Loans, being an official of the State, takes possession of the insolvent Building and Loan for the purpose of liquidation on behalf of the State, and thereafter all his acts are in the exercise of purely governmental functions.

In support of appellant's contention he relies principally upon three reported cases, as follows:

**Snider v Fulton, Supt. of Banks, 44 Oh Ap, 238;**

Wolf v Fulton, Supt. of Banks, 30 N. P. N. S. 238; affirmed by the Court of Appeals;

**Farkas v Fulton, Supt. of Banks, 51 Oh Ap., 92.**

None of the cases cited is directly in point, but it is argued that each is supporting by analogy.

In order to determine the scope and application of the above cited cases, it is necessary to read the opinions in their entirety. This we have done.

While at all times keeping in mind the argument advanced, we now examine three cases cited by counsel for defendant-appellee and each decided by the Ohio Supreme Court.

In the case of **Warner v Building & Investment Company, 128 Oh St, 37, in Syl 1** it is held that the Superintendent of Building and Loan Associations is constituted trustee for the benefit of the Association, its depositors, shareholders and creditors. ·

In the case of **Fulton v Bremer, 130 Oh St, 227, syl. 1** and 2 read as follows:

"1. The state of Ohio, while a nominal party in an action brought by the Superintendent of Banks against the stockholders of a bank to enforce the superadded liability imposed by **Section 3 of Article XIII** of the Constitution of Ohio, has no proprietary or pecuniary interest in the result of the action, and in such action is not suing in its sovereign capacity.

2. Such an action is for the benefit of the creditors of the bank and not for the benefit of the state of Ohio, and the Superintendent of Banks is barred by any statute of limita-

tions that would have barred the creditor had he instituted the action."

This case should be read in its entirety.

The case of **State, ex rel. Fulton v Coburn, 133 Oh St, 192,** is very similar in its factual questions to the Bremer case supra. In the opinion, the Bremer case, supra, is referred to and approved, and on page 203 of the opinion we find the following:

"The issue of whether the Superintendent of Banks is acting in a sovereign capacity was squarely presented in * * * Bremer case, supra, and this court there declared: 'Such an action is for the benefit of the creditors of the bank and not for the benefit of the state of Ohio * * *.'"

While these quoted decisions from the Supreme Court involve bank liquidations, yet the statutory provisions for such liquidation are very similar to those controlling Building and Loans. We think these cases are more directly in point than are the cited cases by appellant.

It is our conclusion that the Superintendent of Building and Loans is an instrumentality of the State of Ohio, but in taking over and administering an insolvent association he is not exercising governmental functions, and therefore is not exempt from the provisions of the Unemployment Compensation Law, as provided under §1345-1-c (E)-4, GC.

Counsel for appellant argues that the words "in the exercise of purely governmental functions", as contained in the above quoted section only modifies political subdivisions.

Our Court, in the case of Western Bank & Trust Company v Unemployment Compensation Commission of Ohio, 30 Abs., 540, had under consideration and construed the words "In the exercise of purely governmental functions", as contained in the section, and therein stated that the term has a much wider application.

We also find the following citations helpful and in point:
Helvering, Commissioner, v Therrell, 303 U. S., 218;
Helvering v Gerhardt, 304 U. S. 405;
McLoughlin v Commissioner, 89 Fed. (2d) 699;
Carroll v Social Security Bd., 128 Fed. (2) 876;
Burke v McGowan, Collector, 30 Fed. Suppl. 174;
Evans, Bldg. & Loan Commr. v Superior Court, 96 Pac. (2d) 107;
White v Bowen, 5 N. Y. S. (2d.) 119;

620

In re Kinney, 14 N. Y. S. (2d), 11.

Following the oral argument, counsel for appellant by letter, copy of which was sent to attorney for appellee, referred us to the case of **City Bank of Ceveland, Successor Trustee, v Guardian Trust Company of Cleveland, et al., 137 Oh St, 279,** decided July, 1940.

This case is not in point. A careful reading will disclose an entirely different issue is presented and determined.

We also have before us the very able and well considered opinion of the trial court, and in addition to what we have said, we adopt the opinion in its entirety.

Finding no prejudicial error, the judgment will be affirmed, with costs adjudged against the appellant.

The cause will be remanded for collection of costs and such other proceedings as are required by law.

HORNBECK and GEIGER, JJ., concur.